Amy Wilkins Hoffman (SBN 022762)
**HOFFMAN LEGAL, LLC**
99 E. Virginia Ave., Ste. 220
Phoenix, AZ  85004
Tel.   (623) 565-8851
ahoffman@hoffmanlegalaz.com

*Counsel for Nikola Corporation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, a Delaware corporation,<br><br>                    Petitioner,<br><br>v.<br><br>Trevor R. Milton, a Utah resident,<br><br>                    Respondent. | Case No.<br><br>**PETITION FOR CONFIRMATION OF ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT THEREON** |

Pursuant to 9 U.S.C.A. §§ 9, 13, Petitioner Nikola Corporation ("Nikola" or "Company") respectfully requests that this Court enter an order confirming the "Decision and Final Award" issued on November 17, 2023 ("Final Award")[1] in an arbitration held under the auspices of the American Arbitration Association ("AAA"), Case No. 01-21-0017-1964 (the "Arbitration"), and enter judgment upon the Final Award in conformity therewith in favor of Nikola and against Respondent Trevor R. Milton ("Milton").  A proposed form of Judgment is submitted herewith.  If Milton opposes confirmation of the award, Nikola also requests that it be awarded its attorney's fees and costs incurred in

---

[1] A true and correct copy of the Final Award is attached hereto as **Exhibit A**.

connection with this Application.

The Arbitration was conducted before a three-member panel of arbitrators -- the Honorable Russ Fagg (Ret.), Dan K. Webb, Esq., and Jonathan J. Lerner Esq. (the "Panel"). The Final Award in favor of Nikola and against Milton was decided by a majority of the Panel and signed by Judge Fagg and Mr. Webb. Mr. Lerner issued a separate Dissent, Concurrence and Alternative Award ("Concurrence and Dissent").[2] No previous application has been made for the relief sought herein.[3]

## PARTIES

Nikola, a publicly traded corporation duly organized and existing under the laws of the state of Delaware, with its principal office located in Phoenix, Maricopa County, Arizona, manufacturers heavy-duty semi-trucks that run on alternative fuels, such as battery-electric vehicles and fuel-cell electric vehicles.

Milton, a citizen of Utah and believed to be currently residing in Wyoming, is Nikola's founder and one of its largest shareholders. Milton served as Nikola's Chief Executive Officer ("CEO") until June 2020, when Nikola became publicly traded, after which he served as its Executive Chairman until his resignation in September 2020.

---

[2] A true and correct copy of the Concurrence and Dissent is attached hereto as **Exhibit B**. In addition, a "Protective Stipulation and Order" was entered by the Panel in the Arbitration, which restricts public disclosure of, among other things, information, testimony, discovery material, and documents produced, filed, elicited or exchanged in connection with the Arbitration, including, but not limited to all awards, decisions and orders and directions of the Panel to the extent they reflect protected material. Accordingly, protected material contained or reflected herein, as well as in the attached exhibits, has been redacted pending the Court's resolution of Nikola's Motion to File Documents Under Seal, submitted concurrently with this Petition.

[3] A true and correct copy of Nikola's Demand for Arbitration and Statement of Claim ("Arbitration Demand") is attached hereto as **Exhibit C**.

Milton was a member of Nikola's Board of Directors until his resignation in September 2020.

## JURISDICTION AND VENUE

This Court has jurisdiction to confirm the Final Award and enter judgment thereon pursuant to the Federal Arbitration Act. *See* 9 U.S.C.A. §§ 9, 13. Diversity jurisdiction exists under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.[4] Venue is proper in this Court under 9 U.S.C.A. § 9 because the separation agreement between Nikola and Milton, dated September 20, 2020 ("Separation Agreement")[5] contained an arbitration clause whereby the parties (i) agreed to arbitrate all disputes arising out, related to, or in any way connected with any relationship between Nikola and Milton, and (ii) consented to the "exclusive jurisdiction, forum and venue of the state and federal courts located in the State of Arizona." (*See* Exhibit D, ¶¶ 19, 20.) The parties further agreed that such arbitration would be "binding" and conducted "under the rules of the American Arbitration Association and the Arbitration Rules set forth in Arizona Rules of Civil Procedure." (*See id.*; *see also* AAA Commercial Arbitration Rules and Mediation Procedures ("AAA Rules"), R-54(C) ("Parties to an arbitration under these Rules shall be deemed to have consented that

---

[4] In the underlying arbitration, Nikola sought in its Arbitration Demand "millions of dollars" in monetary relief (*see, e.g.*, Exhibit C, ¶ 51), and was awarded over $165 million (excluding pre- and post-judgment interest) by the Panel in the Final Award. (*See* Exhibit A, pp. 126-131.)

[5] A true and correct copy of the Separation Agreement is attached hereto as **Exhibit D**.

3

judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.").)

# FACTUAL BACKGROUND

The parties' dispute in the underlying Arbitration arose from Milton breaching his fiduciary duties to Nikola, including his duties of loyalty and good faith, by repeatedly making false and misleading public statements about the Company and its technology, which caused tremendous damage to the Company.

On November 3, 2021, Nikola initiated the Arbitration proceeding by filing the Arbitration Demand against Milton for his breaches of fiduciary duty to the Company. (*See* Exhibit C.)  The parties agreed that the dispute was arbitrable.

On January 24, 2022, the AAA confirmed the appointments of Jonathan J. Lerner, Esq. and Dan K. Webb, Esq., as party-appointed neutral arbitrators (*see* **Exhibit E**), and on April 21, 2022, the AAA appointed the Honorable Russ Fagg as arbitrator chair (*see* **Exhibit F**).  Milton did not object to the selection of these members of the Arbitration Panel at any time during the pendency of the Arbitration.  No additional arbitrators were appointed or selected for this matter after the appointments of Judge Fagg, Mr. Lerner, and Mr. Webb.  Moreover, neither party has challenged the arbitrability of any issue in this dispute, nor has either party challenged the jurisdiction of the AAA or the Panel.

Both parties spent substantial time and effort litigating the factual and legal disputes between the parties.  The scope and extent of work performed during the months-long discovery phase of the Arbitration included, among other things, written discovery, extensive document discovery, third-party discovery, motion practice, fact-witness

4

depositions, and expert discovery (written reports and depositions).  Following written notice to all parties, the Arbitration culminated in an eight-day hearing before the Panel from July 24, 2023 through August 2, 2023.  (*See* Exhibit A, pp. 6-7.)  Following the hearing, on August 27, 2023, each of the parties submitted to the Panel proposed findings of fact and conclusions of law.  (*See id.*, p. 1.)  On September 1, 2023, the Panel heard closing arguments.  (*See id.*, p. 66.)

After considering the evidence and testimony offered at the hearing, as well as the parties' arguments and post-hearing submissions, the Panel entered a Decision and Interim Award on October 20, 2023, signed by a majority of the Panel -- Judge Fagg and Mr. Webb.  (*Id.*)  Mr. Lerner issued a dissent, concurrence and alternative award, which primarily focused on the allocation of fault.  (*Id.*, pp. 1, 124-25.)  The Panel's Interim Decision and Award invited the parties to submit limited, additional briefing on issues regarding pre-judgment interest, post-judgment interest, and attorney's fees.  (*Id.*, p. 1.)  The parties submitted the requested additional briefing on October 31, 2023.  (*Id.*)

After considering the parties' supplemental briefing, the Panel issued and served a signed copy of the Final Award, which was delivered to the parties via email on November 17, 2023.  (*Id.*, p. 2.)[6]  The Final Award was rendered after the Arbitration, held in conformance with the AAA Rules, and is final, definite, and binding on the parties.

---

[6] No extension of time for the Panel to render the Final Award was given after the closing of the hearing.  Indeed, the Final Award was issued approximately well within the 30-day timeframe set forth in the AAA Rules.  (*See* Exhibit G (written notice of date of hearings closed); *see also* AAA Rules, R-47 ("The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 calendar days from the date of closing the hearing, or, if oral hearings have been waived, from the due date set for receipt of the parties' final statements and proofs.").)

The Final Award found that Milton violated his fiduciary duties of loyalty and good faith to Nikola, and found Milton liable for certain damages claimed by Nikola as described in the Final Award. (*Id.*, pp. 126-31.) With respect to Nikola's damages, the Panel accepted Milton's argument that damages should be apportioned based on an allocation of fault as between Milton and Nikola. After carefully considering the evidence presented by the parties, and the submissions of, and arguments by, counsel for the parties, on the issue of apportionment, the Panel found that a 97% allocation to Milton for Nikola's recoverable damages was appropriate. (*Id.*, pp. 124-25.) After applying a 97% allocation of fault to Nikola's recoverable damages, Nikola was awarded the following damages:

(a) For Nikola's claim to recover as damages the $125,000,000 fine it agreed to pay the SEC pursuant to the Consent Order, Nikola was awarded $121,250,000 and the same proportion of any interest required by the Consent Order, subject to the following: to date, Nikola has paid only $38,000,000 of the SEC fine, and therefore only $36,860,000 in damages is due currently. The additional damages awarded to Nikola for the SEC fine are due and payable by Milton within ten (10) days after Nikola pays additional amounts of the fine to the SEC (*id.*, p. 126);

(b) For Nikola's claim to recover compensatory damages for legal fees paid by Nikola, Nikola was awarded $36,482,670 (*id.*, p. 127-29);

(c) For Nikola's claim to recover compensatory damages for professional fees paid by Nikola, Nikola was awarded $9,994,880 (*id.*, p. 129-130);

(d) Nikola was awarded prejudgment interest at an interest rate of 5.25% compounded quarterly from September 10, 2020 to August 4, 2023, subject to the following: (i)

    Nikola is not presently entitled to prejudgment interest on unpaid portions of the SEC fine, which interest shall become due and payable as Nikola makes additional payments; and (ii) Nikola is entitled to prejudgment interest on the amount of interest on the SEC fine it has already paid, but not on as-yet unpaid interest on the SEC fine (*id.*, pp. 130-31); and

  (e) Nikola was awarded $28,275.00, representing the portion of the administrative fees, compensation, and expenses of the AAA in excess of the apportioned costs previously incurred by Nikola (*id.*, p. 131).

The Panel denied Nikola's request for "disgorgement damages" and request for legal fees and expenses incurred in the Arbitration. (*Id.*, p. 130.) The Panel also denied <u>without prejudice</u> Nikola's request for post-judgment interest, finding that Nikola may seek post-judgment interest if and when it moves a court to confirm and enter the Final Award. (*Id.*, p. 131.)

    The Final Award fully settled all claims submitted to arbitration and denied all claims not expressly granted in the award. (*See, e.g.*, Exhibit A, p. 131 ("This Award is Final").) The Final Award has not been modified, corrected, or vacated, nor has any party sought to modify, correct, or vacate the Final Award. As of the date of this Application, Milton has paid no amount to Nikola in satisfaction of the Final Award.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court has authority under the Federal Arbitration Act ("FAA") to consider this Petition.[7] Section 9 of the FAA provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C.A. § 9.  A court's review of an arbitration award under the FAA is "both limited and highly deferential."  *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (quoting *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996)).

Section 9 of the FAA is applicable here because the Separation Agreement between Nikola and Milton contained an arbitration clause whereby the parties: (i) agreed to arbitrate all disputes arising out of, related to, or in any way connected with any relationship between Nikola and Milton; (ii) agreed that such arbitration would be

---

[7] Confirmation of the Final Award by this Court also would be appropriate even if the Arizona Revised Uniform Arbitration Act ("RUAA"), codified as A.R.S. §§ 12-3001 to 12-3029, were applicable, for the same reasons set forth herein.  *See, e.g.*, A.R.S. § 12-3022 ("After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to § 12-3020 or 12-3024 or is vacated pursuant to § 12-3023."); A.R.S. § 12-3025(a) ("[o]n granting an order [] confirming [] an award, the court shall enter a judgment in conformity with the order.").

8

"binding" and conducted under the AAA Rules, which state that the parties "shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof"[8]; and (iii) consented to the "exclusive jurisdiction, forum and venue of the state and federal courts located in the State of Arizona."  (*See* Exhibit D, ¶¶ 19, 20; *see also, e.g.*, *Qorvis Commc'ns, LLC v. Wilson*, 549 F.3d 303, 308 (4th Cir. 2008) (affirming District Court's jurisdiction under FAA where contract invoked the rules of the American Arbitration Association and stated that arbitration awards would be final); *Cigna Ins. Co. v. Huddleston*, 1993 WL 58742, at *10 (5th Cir. Feb. 16, 1993) ("Where, as here, the contract provides that arbitration shall be 'final and binding,' courts have judicial authority to confirm the award[, and,] ... because the parties incorporated the rules of the American Arbitration Association into their agreement, we may infer an intent to provide for judicial confirmation of the award.") (citation and footnote omitted); *Rainwater v. National Home Ins. Co.*, 944 F.2d 190, 194 (4th Cir. 1991) ("resort to AAA arbitration will be deemed both binding and subject to entry of judgment unless the parties expressly stipulate to the contrary"); *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1273 (7th Cir. 1976) (finding that, because the parties had incorporated the rules of the AAA into their arbitration agreement, the parties were "deemed to have consented to entry of judgment on any arbitration award, as required by 9 U.S.C. § 9.").)

Additionally, because the Final Award was issued by the Panel on November 17, 2023, Nikola has brought this Petition to confirm the arbitration award within one year of

---

[8] *See* AAA Rule 54(C).

the Final Award.  (*See* 9 U.S.C.A. § 9.)

Moreover, no grounds exist for modification, correction, or vacatur of the Final Award.  Judicial review of an arbitration award is significantly limited under the FAA.  Indeed, under Section 10 of the FAA, a district court may vacate an arbitration award only where:

1) The award was procured by corruption, fraud, or undue means;

2) There was evident partiality or corruption in the arbitrators, or either of them;

3) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

4) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10(a);[9] *see also Stafford v. BAART Behav. Health Servs., Inc.*, 855 F. App'x 426, 427 (9th Cir. 2021) ("A district court may vacate an arbitration award in only the limited circumstances prescribed by statute.").  Similarly, the exclusive grounds for modification of an award under Section 11 of the FAA include situations where:

1) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

---

[9] The RUAA also significantly limits challenges to the confirmation of an arbitration award exclusively to the statutory grounds enumerated in A.R.S. § 12-3023, which include predominately the same grounds set forth in Section 10 of the FAA.  *See* A.R.S. § 12-3023.

2) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or

3) The award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C.A. § 11.[10]  None of the circumstances under Section 10 and 11 of the FAA exists in this case, and no party has sought to modify, correct, or vacate the Final Award.  All requirements for confirmation and entry of judgment have been met.

## **CONCLUSION**

Pursuant to 9 U.S.C.A. §§ 9, 13, and any other applicable authority, Nikola respectfully requests that this Court enter an order confirming the Final Award, and enter judgment thereon in conformity, in favor of Nikola and against Milton as follows:

(a) For judgment in accordance with the "Award" identified on pages 126-131 of the Final Award;

(b) For post-judgment interest on the "Award" identified on pages 126-131 of the Final Award at the rate provided for in 28 U.S.C. § 1961(a) from the date of the Final Award (November 17, 2023) until the judgment is paid in full;

(c) To the extent Nikola's Application for Confirmation of Arbitration Award and for Entry of Judgment Thereon is opposed by Milton, for reasonable attorney's fees and costs incurred in connection with the instant proceedings; and

(d) For such other and additional relief as this Court deems just and proper.

A proposed judgment is submitted herewith.

---

[10] The exclusive grounds for modification of an award under the RUAA are not materially different from the analogous provisions in the FAA.  *See* A.R.S. § 12-3024.

11

RESPECTFULLY SUBMITTED this 15th day of December, 2023.

**HOFFMAN LEGAL**

By /s/ Amy Wilkins Hoffman
    Amy Wilkins Hoffman
    99 E. Virginia Ave., Ste. 220
    Phoenix, AZ  85004

*Counsel for Nikola Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with service to:

COPY mailed on December 15, 2023, to:

>Terence Healy
>Hughes Hubbard & Reed LLP
>One Battery Park Plaza, 12th floor
>New York, New York 10004-1482

COPY to be served via process server on:

>Trevor R. Milton
>4343 E. Weber Canyon Road
>Oakley, Utah 84055

/s/  Amy Hoffman
Amy Hoffman