**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation,<br><br>           Petitioner,<br><br>v.<br><br>Trevor R Milton,<br><br>           Respondent. | No. CV-23-02635-PHX-DJH<br><br>**ORDER** |

      Before the Court is Petitioner Nikola Corporation's ("Nikola") Motion for an Order Certifying Judgment for Registration for Good Cause Shown Pursuant to 28 U.S.C. § 1963 (the "Motion"). (Doc. 52). Citing the terms of a protective order entered into between the parties in *Nikola v. Milton*, Case No. 2:24-cv-00563-PHX-DJH (D. Ariz.) at Doc. 49, and in compliance with the Local Rules of this district, Nikola lodged its Motion and attached exhibits, including an Asset List, under seal (Doc. 52) and filed a Notice of Confidential Document Designation (Doc. 54). *See* LRCiv 5.6(d). Defendant Trevor Milton ("Milton") filed a Response to the Motion (Doc. 57) and Nikola filed a Reply. (Doc. 58). Nikola also filed a Motion to Expedite Consideration (Doc. 59) of its pending motion on May 14, 2025.

**I.    Background**

      On November 4, 2024, this Court entered an Amended Judgment in favor of Nikola for approximately $167.7 million in damages plus pre-judgment and post-judgment interest. (Doc. 37). On December 3, 2024, Milton filed an Amended Notice of

Appeal to the Ninth Circuit. (Doc. 50). Milton has not sought a stay of execution or otherwise posted a bond or security since the Court entered its Amended Judgment on November 4, 2024. Nikola now seeks an Order certifying the Amended Judgment for registration in other judicial districts; namely the District of Utah, District of Wyoming, District of Nevada, and the District of Delaware (collectively the "Registration Districts"). For support, Nikola points to the sealed Asset List that shows Milton lacks assets in this judicial district to satisfy the full judgment amount and owns assets in the other Registration Districts. (Doc. 52 at 6).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 62(a), a judgment of a United States District Court becomes final and enforceable ten days after judgment is entered. Fed.R.Civ.P. 62(a). At that time, a prevailing plaintiff is entitled to execute upon a judgment.[1] Pending appeal, however, the judgment is only enforceable in the district in which it was rendered, unless the judgment is "registered" in another district by court order. 28 U.S.C. § 1963 (2001). The registration process is set forth in 28 U.S.C. § 1963, which provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any [ ] district court . . . may be registered by filing a certified copy of the judgment in any other district [ ], . . . when the judgment has become final by appeal or expiration of the time for appeal *or when ordered by the court that entered the judgment for good cause shown* . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

*Id.* (emphasis added). Section 1963 thus permits a district court to issue an order certifying a judgment for registration during the pendency of an appeal upon a finding of "good cause." *Id.* Although there is no Ninth Circuit law defining "good cause," "the courts that have found good cause have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the

---

[1] Pending appeal, Milton could have obtained a formal stay of the judgment by posting a supersedeas bond. Fed.R.Civ.P. 62(d). Milton did not do so.

registration forum." *Dyll v. Adams*, 1998 WL 60541 at *1 (N.D.Tex. 1998*); Johns v. Rozet*, 143 F.R.D. 11, (D.D.C. 1992); *Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 372 (7th Cir. 1991); *Graco Children's Prods., Inc. v. Century Prods. Co.*, 1996 WL 421966, at *36 (E.D.Pa. 1996); *Bingham v. Zolt,* 823 F.Supp. 1126, 1136 (S.D.N.Y.1993), aff'd, 66 F.3d 553 (2d Cir. 1995).

### III.  Analysis

The Court is satisfied that Nikola has shown good cause why an Order certifying the Amended Judgment should register in the District of Utah, District of Wyoming, District of Nevada, and the District of Delaware.[2]  Although Milton does not have an "absence of assets" in Arizona, the one asset he does have—a home—is insufficient to cover the large judgment amount against him.  Notably, Milton does not dispute that his asset in Arizona would not be able to meet the full judgment amount.  Instead, he takes issue with the Court relying on the Asset List attached to Nikola's Motion to find good cause for certification of the judgment in the Registration Districts.  (Doc. 57 at 3–5). The Court rejects this argument.  The Court gave Nikola permission to use the Asset List in connection with executing the Amended Judgment in its previous Order, including its efforts to register the Amended Judgment in other judicial districts.  *See Nikola v. Milton*, Case No. 2:24-cv-00563-PHX-DJH (D. Ariz) at Doc. 72 (allowing Nikola to use the asset list to enforce the Amended Judgment against Milton).  This is exactly what Nikola is seeking to do: execute the Amended Judgment.  Moreover, Nikola properly lodged its Motion and the referenced Asset List under seal.[3]

---

[2] Nikola also asks this Court to register the judgment in "any judicial district." (Doc. 52 at 10).  The Court refuses to do so.  Nikola has shown good cause why judgment should be registered in the districts of Utah, Wyoming, Nevada, and Delaware.  It has not done the same for "any judicial district."

[3] Nikola notes in its Reply that Milton failed to file a motion to seal and a supporting memorandum setting forth the facts and legal authority justifying the filing of the Asset List under seal by the December 31, 2024, deadline. *See* LRCiv 5.6(d) (party seeking to seal lodged document must file motion to seal and supporting memorandum "[w]ithin fourteen (14) days after service of the notice [of lodging]").  Nikola also notes that this is not the first time that Milton has failed to take the necessary precautions to shield information he maintains should be limited to attorneys' eyes only.  The Court tends to agree.  Though at this juncture, it will not direct the Clerk to make Nikola's Motion and exhibits part of the public docket, Milton is on notice that failure to take such precautions

The Asset List shows that Milton has substantial assets in Utah, Wyoming, Nevada, and Delaware that may be used to satisfy the Amended Judgment, including significant property, real and personal, in Wyoming and Utah, about 100,000 Nikola shares in Delaware, and significant ownership interests in business entities in Nevada. (Doc. 52 at 7). Based on the above, the Court grants Nikola's Motion for an Order Certifying Judgment for Registration in the Districts of Utah, Wyoming, Nevada, and Delaware.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall file Nikola's Motion for an Order Certifying Judgment for Registration (Doc. 52) under seal.

**IT IS FURTHER ORDERED** that the Motion (Doc. 52) is **granted** and an Order Certifying the Amended Judgment may register in the following districts: District of Utah, District of Wyoming, District of Nevada, and the District of Delaware.

**IT IS FINALLY ORDERED** that Nikola's Motion to Withdraw its Motion to Expedite Consideration of Pending Motion for an Order Certifying Judgment for Registration (Doc. 63) is **granted** and the Motion to Expedite Consideration of Pending Motion for an Order Certifying Judgment for Registration (Doc. 59) shall be terminated.

Dated this 15th day of May, 2025.

Honorable Diane J. Humetewa
United States District Judge

---

in the future may be considered a concession that such information may be made publicly available. Because this Order contains only generalized information regarding Milton's assets, it will not be filed under seal.

- 4 -